AO 108 (Rev. 06/09)  Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br><br>$37,267.73 HELD AT BANK OF NEW YORK MELLON IN A<br>SUSPENSE ACCOUNT & MONIES HELD AT EIGHT OTHER<br>FINANCIAL INSTITUTIONS PURSUANT TO 50 U.S.C. § 1701<br>ET SEQ., 18 U.S.C. § 981(A)(1)(C), AND 28 U.S.C. § 2461(c) | )<br>)<br>)<br>)<br>)<br>)    Case No.    22-sz-7 |

## APPLICATION FOR A WARRANT TO
## SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the jurisdiction of the District of Columbia is subject to forfeiture to the United States of America under _____ U.S.C. § _____ *(describe the property)*:

50 U.S.C. § 1701 et seq., 18 U.S.C. § 981(A)(1)(C), and 28 U.S.C. § 2461(c)

(describe the property):  See Attachment A, and Attachments B.1 through B.9, incorporated herein.

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

☐ Continued on the attached sheet.

_____
*Applicant's signature*

Joy Gallante, Special Agent, FBI
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____03/31/2022_____

_____
*Judge's signature*

City and state: __District of Columbia__

Zia M. Faruqui, United States Magistrate Judge
_____
*Printed name and title*

AO 109 (Rev. 12/09)  Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>$37,267.73 HELD AT BANK OF NEW YORK MELLON IN A<br>SUSPENSE ACCOUNT & MONIES HELD AT EIGHT OTHER<br>FINANCIAL INSTITUTIONS PURSUANT TO 50 U.S.C. § 1701<br>ET SEQ., 18 U.S.C. § 981(A)(1)(C), AND 28 U.S.C. § 2461(c) | )<br>)<br>)<br>)<br>)<br>)    Case No.   22-sz-7 |

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the    jurisdiction of the          District of          Columbia          be seized as being subject to forfeiture to the United States of America.  The property is described as follows:

See Attachment A, and Attachments B.1 through B.9, incorporated herein.

AS FURTHER DESCRIBED IN THE AFFIDAVIT
I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property on or before          04/14/2022
*(not to exceed 14 days)*

❒ in the daytime – 6:00 a.m. to 10:00 p.m.          ☑ at any time in the day or night, as I find reasonable
cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to United States Magistrate Judge          Zia M. Faruqui          .
*(name)*

❒ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ❒ for _____ days *(not to exceed 30).*

❒ until, the facts justifying, the later specific date of _____ .

Date and time issued:      03/31/2022          _____
*Judge's signature*

City and state:      District of Columbia          Zia M. Faruqui, United States Magistrate Judge
*Printed name and title*

AO 109 (Rev. 12/09)  Warrant to Seize Property Subject to Forfeiture (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:  22-sz-7 | Date and time warrant executed: | Copy of warrant and inventory left with: |

| Inventory made in the presence of: |
|---|

| Inventory of the property taken: |
|---|
| |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:  _____          _____
                                                                *Executing officer's signature*

                                                        _____
                                                                *Printed name and title*

**ATTACHMENT A**

**BANK OF YEW YORK MELLON ("BNYM") TARGET TRANSACTIONS**

**TARGET TRANSACTION 1**

**A.  Relevant Sanctions**

1.     On or about December 22, 2015, the Treasury Department designated Genbank as a SDN in accordance with E.O. 13685 for operating in the Crimea region of Ukraine. In their press release, the Treasury Department stated this action targeted 12 entities, including Genbank, pursuant to E.O. 13685, which authorized sanctions on, among others, any person determined to be operating in the Crimea region of Ukraine in violation of E.O. 13685.  Targeting these entities for operating in the Crimea region of Ukraine underscored the United States' commitment to opposing Russia's occupation and attempted annexation of Crimea.

**B.  Transaction Information**

2.   The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 1 | BNYM | 1/15/2016 | $1,000.00 | Cheslav Dovnar | Joint Stock Company Genbank (Sanctioned) |

**TARGET TRANSACTION 2**

**A.  Relevant Sanctions**

3.     On or about December 22, 2015, the Treasury Department designated Zavod as a SDN under the authorities granted by E.O. 13661 which authorized sanctions on, among others, officials of the Russian Government and any individual or entity that is owned or controlled by, that has acted for or on behalf of, or that has provided material or other support to, a senior Russian government official. In their press release, the Treasury Department stated Zavod had engaged in serious and sustained sanctions evasion.

### B. Transaction Information

4.   The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 2 | BNYM | 1/19/2016 | $12,064.00 | Zender Enterprises Ltd | Izhevsky Mekhanichesky Zavod (Sanctioned) |

## TARGET TRANSACTION 3

### A. Relevant Sanctions

5.   On or about July 16, 2014, the Treasury Department designated Radio Electronic Technologies as a SDN in accordance with E.O. 13661 for operating in the Arms or Related Materiel Sector in the Russian Federation. In their press release, the Treasury Department stated Radio Electronic Technologies designs and produces electronic warfare equipment including weapons-control systems, friend-or-foe identification (IFF) systems, avionics, operational and tactical systems, electronic warfare and intelligence equipment, special measuring instrumentation, and plugs, electric connectors, and cable products.

### B. Transaction Information

6.   The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 3 | BNYM | 12/28/2016 | $13,500.00 | Joint Stock Company Concern Radio-Electronic Technologies (Sanctioned) | Beijing Yin Yun Hai Trade and Technology Company |

## TARGET TRANSACTION 4

### A. Relevant Sanctions

7.   On or about January 26, 2018, the Treasury Department designated PJSC Power Machines as a SDN in accordance with E.O. 13685 for operating in the Crimea region of Ukraine. In their press release, the Treasury Department stated in July 2017, four turbines produced by a joint venture between a German company and PJSC Power Machines were transferred to Crimea.  The transfer occurred despite clear contractual provisions prohibiting the use of the turbines in Crimea and repeated assurances that no such transfer would take place. PJSC Power Machines was designated for having materially assisted, sponsored, or provided financial, material, technological, or other support for, or goods or services to or in support of, OAO Technopromexport and Technopromexport LLC.

### B. Transaction Information

8.   The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 4 | BNYM | 1/29/2018 | $3,000.00 | Hong Kong Zovo Trading and Development Co Limited | Public Joint Stock Company Power Machines ZTL Electrosila en Ergomachexport (Sanctioned) |

## TARGET TRANSACTION 5

### A. Relevant Sanctions

9.   On or about January 26, 2018, the Treasury Department designated Instar Logistics as a SDN in accordance with E.O. 13661 for having acted for or on behalf of, or supported, an individual or entity previously designated under this E.O. In their press release, the Treasury Department stated in late 2017, Bogdan Kolosov ("Kolosov"), who is the Department Manager for Customer Service at the Russian-based transportation services company Instar Logistics, coordinated a shipment of weapons with previously designated Kalashnikov Concern International Business Development Director Vakhtang Karamyan. Instar Logistics is being designated for materially assisting, sponsoring, or providing financial, material or technological support for, or goods or services to or in support of, Kalashnikov Concern.

### B. Transaction Information

10. The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 5 | BNYM | 1/29/2018 | $1,177.93 | Ste As Transport International Asti | Instar Logistics (Sanctioned) |

## TARGET TRANSACTION 6

### A. Relevant Sanctions

11.   On or about September 1, 2016, the Treasury Department designated ZSCOJSC, aka OAO Ship Repair Center 'Zvezdochka', as a SDN in accordance with E.O. 13685 for operating in the Crimea region of Ukraine. In their press release, the Treasury Department stated ZSCOJSC performs maintenance work on ships and submarines and is located in Severodvinsk, Russia.  It has a branch in Sevastopol, Crimea that performs repairs and maintenance work on Russian naval vessels

### B.  Transaction Information

12. The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 6 | BNYM | 3/6/2018 | $3,325.80 | Jdwe Ihq/Mod (N) | Zvyozdochka Shiprepairing Center OJSC (Sanctioned) |

## TARGET TRANSACTION 7

### A.  Relevant Sanctions

13.  On or about March 20, 2014, the Treasury Department designated Sergey as a SDN under the authorities granted by E.O. 13661. In their press release the Treasury Department stated Sergey was one of 16 Russian government officials sanctioned due to his position within the Russian government as the Chief of Staff of the Presidential Executive Office.

### B.  Transaction Information

14.  The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 7 | BNYM | 7/29/2019 | $2,000.00 | Merman Maritime Co. | Ivanov Sergey (Sanctioned) |

## TARGET TRANSACTION 8

### A.  Relevant Sanctions

15.  On or about March 19, 2014, E.O. 13661 Annex A identified Rogozin, Deputy Prime Minister of the Russian Federation, as a blocked person. As such, the Treasury Department designated Rogozin as a, SDN.

### B.  Transaction Information

16.  The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 8 | BNYM | 11/2/2020 | $1,200.00 | Yulia Mitrovich | Dmitry Rogozin (Sanctioned) |

## TD BANK  ("TD BN") NATIONAL ASSOCIATION TARGET TRANSACTION

### TARGET TRANSACTION 9

#### A.  Relevant Sanctions

17.   On or about June 2014 the Treasury Department designated Igor Strelkov ("Strelkov") as a SND pursuant to E.O. 13660 and E.O. 13685. In a 2015 press release, the Treasury Department stated Strelkov was the former "defense minister" of the self-proclaimed Donetsk People's Republic (DPR). Strelkov was involved in the takeover of Ukraine's Crimea region and was ultimately designated for actions that threaten the territorial integrity of Ukraine.

#### B.  Transaction Information

18. The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 9 | TD BN | 8/8/2014 | $1,000.00 | Pavel Sinyavski | Igor Strelkov (Sanctioned) |

## STATE BANK OF INDIA ("SBI") TARGET TRANSACTION

### TARGET TRANSACTION 10

#### A.  Relevant Sanctions

19.   On or about January 26, 2018 the Treasury Department designated PJSC Power Machines as a SDN in accordance with E.O. 13685 for operating in the Crimea region of Ukraine. In their press release, the Treasury Department stated in July 2017, four turbines produced by a joint venture between a German company and PJSC Power Machines were transferred to Crimea.  The transfer occurred despite clear contractual provisions prohibiting the use of the turbines in Crimea and repeated assurances that no such transfer would take place. PJSC Power Machines was designated for having materially assisted, sponsored, or provided financial, material, technological, or other support for, or goods or services to or in support of, OAO Technopromexport and Technopromexport LLC.

#### B.  Transaction Information

20. The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 10 | SBI | 3/1/2018 | $20,110.76 | NTPC Ltd. | PJSC Power Machines (Sanctioned) |

## DEUTSCHE BANK TRUST COMPANY AMERICAS ("DBTC")
## TARGET TRANSACTIONS

## TARGET TRANSACTION 11

### A.  Relevant Sanctions

21.   On or about December 20, 2016, the Treasury Department designated Transpetrochart Co. Ltd as a SDN pursuant to E.O. 13685 for having provided material support to Sovfracht. In their press release the Treasury Department stated, Transpetrochart Co. Ltd directly supported a designated Russian shipping company Sovfracht-Sovmortrans Group and its subsidiary, Sovfracht, in their operations within the Crimea region of Ukraine.

### B.  Transaction Information

22. The following transaction was processed through a U.S. correspondent bank:

| #  | Bank | Date | Amount | Sender | Receiver |
|----|------|------|--------|--------|----------|
| 11 | DBTC | 12/22/2016 | $1,719.00 | Transpetrochart Ltd (Sanctioned) | Tarhan Shipping Agency and Trading Ltd |

## TARGET TRANSACTION 12

### A.  Relevant Sanctions

23.   On or about March 11, 2015, the Treasury Department designated Alexander Dugin ("Dugin") as a SDN pursuant to E.O. 13660. In a recent press release, the Treasury Department stated Dugin was designated in 2015 for being responsible for or complicit in actions or policies that threaten the peace, security, stability, or sovereignty or territorial integrity of Ukraine. Dugin was a leader of the Eurasian Youth Union, which actively recruited individuals with military and combat experience to fight on behalf of the self-proclaimed Donetsk People's Republic and has stated that it has a covert presence in Ukraine. Additionally, Dugin controls Geopolitica, a website that serves as a platform for Russian ultra-nationalists to spread disinformation and propaganda targeting Western and other audiences.

### B.  Transaction Information

24. The following transaction was processed through a U.S. correspondent bank:

| #  | Bank | Date | Amount | Sender | Receiver |
|----|------|------|--------|--------|----------|
| 12 | DBTC | 12/27/2017 | $5,000.00 | Stichting Nexus Instituut | Alexander Dugin (Sanctioned) |

## JP MORGAN CHASE BANK ("JPMC") TARGET TRANSACTIONS

### TARGET TRANSACTION 13

#### A. Relevant Sanctions

25.   On or about April 28, 2014 the Treasury Department designated Aleksei Pushkov as a SDN pursuant to E.O. 13661. In their press release, the Treasury Department stated Aleksei Pushkov was a Deputy of the State Duma since December 4, 2011, as well as he was the Chairman of the State Duma Committee on International Affairs.

#### B. Transaction Information

26. The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 13 | JPMC | 5/27/2014 | $39,600.00 | Cartus Holdings Ltd | Pushkov Alexey Konstantinovich (Sanctioned) |

### TARGET TRANSACTION 14

#### A. Relevant Sanctions

27.   On or about December 20, 2016, the Treasury Department designated Transpetrochart Co. Ltd as a SDN pursuant to E.O. 13685 for having provided material support to Sovfracht. In their press release the Treasury Department stated, Transpetrochart Co. Ltd directly supported a designated Russian shipping company Sovfracht-Sovmortrans Group and its subsidiary, Sovfracht, in their operations within the Crimea region of Ukraine.

#### B. Transaction Information

28. The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 14 | JPMC | 12/22/2016 | $1,274.69 | Transpetrochart Ltd (Sanctioned) | Britconsult Ltd |

## TARGET TRANSACTION 15

### A. Relevant Sanctions

29. On or about September 26, 2019 the Treasury Department designated Maritime Assistance LLC as a SDN pursuant to E.O. 13685. In their press release the Treasury Department stated Maritime Assistance LLC was determined to be a front company supporting the U.S.-designated company Sovfracht, for operating in Ukraine. Sovfracht was designated in 2016 pursuant to E.O. 13685 for operating in the Crimea region of Ukraine.

### B. Transaction Information

30. According to the bank's records, although this transaction was initiated the day prior to the sender being designated by the Treasury Department, the transaction underwent a currency exchange. During the processing time of the transaction, the sender, Maritime Assistance LLC, was designated as an SDN. As such, the transaction was ultimately blocked by JP Morgan Chase Bank due to the sender being identified as an SDN, prior to the completion of the wire transfer. The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 15 | JPMC | 9/25/2019 | $5,741.63 | Maritime Assistance LLC (Sanctioned) | Deep Blue Sea for Shipping, Trading and Logistics |

## CITIBANK N.A. ("CITIBANK") TARGET TRANSACTIONS

## TARGET TRANSACTION 16

### A. Relevant Sanctions

31. On or about March 20, 2014 the Treasury Department designated Bank Rossiya as a SDN pursuant to E.O. 13661. In their press release, the Treasury Department stated Bank Rossiya is the personal bank for senior officials of the Russian Federation.  Bank Rossiya's shareholders include members of Putin's inner circle associated with the Ozero Dacha Cooperative, a housing community in which they live.  Bank Rossiya is also controlled by Kovalchuk, designated today. Bank Rossiya is ranked as the 17th largest bank in Russia with assets of approximately $10 billion, and it maintains numerous correspondent relationships with banks in the United States, Europe, and elsewhere.  The bank reports providing a wide range of retail and corporate services, many of which relate to the oil, gas, and energy sectors.

### B. Transaction Information

32. The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 16 | Citibank | 3/26/2014 | $315,000.00 | National Settlement Depository Cjsc | Bank 'Rossiya' (Sanctioned) |

## TARGET TRANSACTION 17

### A. Relevant Sanctions

33. On or about December 20, 2016 the Treasury Department designated Solid LTD (aka OOO Solid) as a SDN pursuant to E.O. 13685. In their press release, the Treasury Department stated Solid LTD was linked to OJSC SOVFRACHT. In September 2016, the Treasury Department Designated OJSC SOVFRACHT as a SDN for operating in the Crimea region of Ukraine pursuant to E.O. 16385.

### B. Transaction Information

34. The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 17 | Citibank | 4/11/2018 | $16,334.00 | Sanbay Trading Limited | Solid LTD (Sanctioned) |

## TARGET TRANSACTIONS 18 & 19

### A. Relevant Sanctions

35. On or about December 22, 2015, the Treasury Department designated Zavod as a SDN under the authorities granted by E.O. 13661 which authorized sanctions on, among others, officials of the Russian Government and any individual or entity that is owned or controlled by, that has acted for or on behalf of, or that has provided material or other support to, a senior Russian government official. In their press release, the Treasury Department stated Zavod had engaged in serious and sustained sanctions evasion.

### B. Transaction Information

36. The following transactions were processed through a U.S. correspondent bank:

| #  | Bank     | Date      | Amount      | Sender            | Receiver                                      |
|----|----------|-----------|-------------|-------------------|-----------------------------------------------|
| 18 | Citibank | 8/26/2015 | $8,965.00   | Murphy Colman John | Izhevsky Mekhanichesky Zavod (Sanctioned)     |
| 19 | Citibank | 4/13/2017 | $21,831.40  | Aimee Service     | Izhevsky Mekhanichesky Zavod (Sanctioned)     |

## **TARGET TRANSACTION 20**

### **A. Relevant Sanctions**

37.  On or about January 26, 2018, the Treasury Department designated PJSC Power Machines as a SDN in accordance with E.O. 13685 for operating in the Crimea region of Ukraine. In their press release, the Treasury Department stated in July 2017, four turbines produced by a joint venture between a German company and PJSC Power Machines were transferred to Crimea. The transfer occurred despite clear contractual provisions prohibiting the use of the turbines in Crimea and repeated assurances that no such transfer would take place. PJSC Power Machines was designated for having materially assisted, sponsored, or provided financial, material, technological, or other support for, or goods or services to or in support of, OAO Technopromexport and Technopromexport LLC.

### **B. Transaction Information**

38. The following transaction was processed through a U.S. correspondent bank:

| #  | Bank     | Date     | Amount      | Sender                                        | Receiver                            |
|----|----------|----------|-------------|-----------------------------------------------|-------------------------------------|
| 20 | Citibank | 2/5/2018 | $15,000.00  | Elko Elektrik Ticaret Vesanayi Trading LLC    | PJSC Power Machines (Sanctioned)    |

## **BNP PARIBAS ("BNP") TARGET TRANSACTIONS**

## **TARGET TRANSACTIONS 21 - 32**

### **A. Relevant Sanctions**

39.  On or about January 26, 2018, the Treasury Department designated PJSC Power Machines as a SDN in accordance with E.O. 13685 for operating in the Crimea region of Ukraine. In their press release, the Treasury Department stated in July 2017, four turbines produced by a joint venture between a German company and PJSC Power Machines were transferred to Crimea. The transfer occurred despite clear contractual provisions prohibiting the use of the turbines in Crimea and repeated assurances that no such transfer would take place. PJSC Power Machines was designated for having materially assisted, sponsored, or provided financial, material, technological, or other support for, or goods or services to or in support of, OAO Technopromexport and Technopromexport LLC.

## B. Transaction Information

40. The following transactions were processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 21 | BNP | 3/15/2018 | $9,580.24 | General Electric Company | PJSC Power Machines (Sanctioned) |
| 22 | BNP | 3/14/2018 | $19,167.42 | General Electric Company | PJSC Power Machines (Sanctioned) |
| 23 | BNP | 7/6/2018 | $19,379.60 | General Electric Company | PJSC Power Machines (Sanctioned) |
| 24 | BNP | 7/6/2018 | $9,686.29 | General Electric Company | PJSC Power Machines (Sanctioned) |
| 25 | BNP | 10/16/2018 | $15,206.62 | General Electric Company | PJSC Power Machines (Sanctioned) |
| 26 | BNP | 10/16/2018 | $9,756.99 | General Electric Company | PJSC Power Machines (Sanctioned) |
| 27 | BNP | 1/15/2019 | $8,590.39 | General Electric Company | PJSC Power Machines (Sanctioned) |
| 28 | BNP | 1/15/2019 | $6,507.02 | General Electric Company | PJSC Power Machines (Sanctioned) |
| 29 | BNP | 4/8/2019 | $10,876.13 | General Electric Company | PJSC Power Machines (Sanctioned) |
| 30 | BNP | 7/6/2019 | $9,686.29 | General Electric Company | PJSC Power Machines (Sanctioned) |
| 31 | BNP | 10/23/2019 | $8,590.39 | General Electric Company | PJSC Power Machines (Sanctioned) |
| 32 | BNP | 1/31/2020 | $5,161.31 | General Electric Company | PJSC Power Machines (Sanctioned) |

## WELLS FARGO NA ("WF") TARGET TRANSACTION

## TARGET TRANSACTION 33

### A. Relevant Sanctions

41. On or about March 11, 2015, the Treasury Department designated Roman Lyagin as a SDN in accordance with E.O. 13660 for undermining Ukraine's sovereignty. In their press release, the Treasury Department stated Roman Lyagin has served as the chairman of the Central Election Commission (CEC) and as minister of social and labor policy of the self-proclaimed Donetsk People's Republic (DPR). In his role as CEC chairman, he helped organize a number of votes in the region that were denounced as illegal by the government of Ukraine in Kyiv, including a May 2014 "independence referendum" and a November 2014 election for leadership positions in the self-proclaimed DPR. In addition, Lyagin actively interfered with the internationally-recognized national Ukrainian elections by confiscating ballots and preventing voting in the May 2014 Ukrainian parliamentary elections and the October 2014 election for Ukraine's President. He has been designated for having asserted governmental authority over a part or region of Ukraine

without the authorization of the Government of Ukraine, and for having engaged in actions that have undermined democratic processes in Ukraine.

### B.  Transaction Information

42. The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 33 | WF | 10/21/2019 | $1,501.95 | Google Payment Corp Limited | Roman Lygin (Sanctioned) |

## BANK OF AMERICA TARGET ("BOA") TRANSACTIONS

## TARGET TRANSACTION 34

### A.  Relevant Sanctions

43. On or about March 17, 2014 the Treasury Department designated Vladimir Konstantinov as a SDN in accordance with E.O. 13660 for contributing to the situation in Ukraine. In their press release, the Treasury Department stated Konstantinov was being designated for his role in actions or policies that threaten the peace, security, stability, sovereignty, or territorial integrity of Ukraine. He was also being designated for his role in actions or policies that undermine democratic processes or institutions in Ukraine.

### B.  Transaction Information

44. The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 34 | BOA | 5/23/2018 | $1,000.00 | Anton Schumilkin | Vladimir Konstantinov (Sanctioned) |

## TARGET TRANSACTION 35

### A.  Relevant Sanctions

45. On or about November 14, 2016, the Treasury Department designated Dmitry Belik as a SDN in accordance with E.O. 13660 for being responsible for or complicit in actions or policies that undermine democratic processes or institutions in Ukraine and actions or policies that threaten the peace, security, stability, sovereignty, or territorial integrity of Ukraine. In their press release,

the Treasury Department stated Belik was also elected to the Russian State Duma representing one-seat constituencies in Crimea and Sevastopol.

## B.  Transaction Information

46. The following transaction was processed through a U.S. correspondent bank:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 35 | BOA | 5/19/2021 | $1,000.00 | Atwood Lake Limited Tbc Vg/Tbc | Dmitry Belik (Sanctioned) |

**ATTACHMENT B.1**

**BANK OF YEW YORK MELLON ("BNYM") TARGET TRANSACTIONS**

| Bank | Date | Amount | Sender | Receiver |
|------|------|--------|--------|----------|
| BNYM | 1/15/2016 | $1,000.00 | Cheslav Dovnar | Joint Stock Company Genbank (Sanctioned) |
| BNYM | 1/19/2016 | $12,064.00 | Zender Enterprises Ltd | Izhevsky Mekhanichesky Zavod (Sanctioned) |
| BNYM | 12/28/2016 | $13,500.00 | Joint Stock Company Concern Radio-Electronic Technologies (Sanctioned) | Beijing Yin Yun Hai Trade and Technology Company |
| BNYM | 1/29/2018 | $3,000.00 | Hong Kong Zovo Trading and Development Co Limited | Public Joint Stock Company Power Machines ZTL Electrosila En Ergomachexport (Sanctioned) |
| BNYM | 1/29/2018 | $1,177.93 | Ste As Transport International Asti | Instar Logistics (Sanctioned) |
| BNYM | 3/6/2018 | $3,325.80 | Jdwe Ihq/Mod (N) | Zvyozdochka Shiprepairing Center Ojsc (Sanctioned) |
| BNYM | 7/29/2019 | $2,000.00 | Merman Maritime Co. | Ivanov Sergey (Sanctioned) |
| BNYM | 11/2/2020 | $1,200.00 | Yulia Mitrovich | Dmitry Rogozin (Sanctioned) |

## **ATTACHMENT B.2**

## **TD BANK  ("TD BN") NATIONAL ASSOCIATION TARGET TRANSACTION**

| Bank | Date | Amount | Sender | Receiver |
|------|------|--------|--------|----------|
| TD BN | 8/8/2014 | $1,000.00 | Pavel Sinyavski | Igor Strelkov (Sanctioned) |

## <u>ATTACHMENT B.3</u>

## <u>STATE BANK OF INDIA ("SBI") TARGET TRANSACTION</u>

| Bank | Date | Amount | Sender | Receiver |
|------|------|--------|--------|----------|
| SBI | 3/1/2018 | $20,110.76 | NTPC Ltd. | PJSC Power Machines (Sanctioned) |

## ATTACHMENT B.4

## DEUTSCHE BANK TRUST COMPANY AMERICAS ("DBTC")
## TARGET TRANSACTIONS

| Bank | Date | Amount | Sender | Receiver |
|------|------|--------|--------|----------|
| DBTC | 12/22/2016 | $1,719.00 | TRANSPETROCHART LTD (Sanctioned) | Tarhan Shipping Agency and Trading Ltd |
| DBTC | 12/27/2017 | $5,000.00 | Stitching Nexus Instituut | Alexander Dugin (Sanctioned) |

**ATTACHMENT B.5**

**JP MORGAN CHASE BANK ("JPMC") TARGET TRANSACTIONS**

| Bank | Date | Amount | Sender | Receiver |
|------|------|--------|--------|----------|
| JPMC | 5/27/2014 | $39,600.00 | Cartus Holdings Ltd | Pushkov Alexey Konstantinovich (Sanctioned) |
| JPMC | 12/22/2016 | $1,274.69 | Transpetrochart Ltd (Sanctioned) | Britconsult Ltd |
| JPMC | 9/25/2019 | $5,741.63 | Maritime Assistance Llc (Sanctioned) | Deep Blue Sea for Shipping, Trading and Logistics |

**ATTACHMENT B.6**

**CITIBANK N.A. ("CITIBANK") TARGET TRANSACTIONS**

| Bank | Date | Amount | Sender | Receiver |
|------|------|--------|--------|----------|
| Citibank | 3/26/2014 | $315,000.00 | National Settlement Depository Cjsc | Bank 'Rossiya' (Sanctioned) |
| Citibank | 4/11/2018 | $16,334.00 | Sanbay Trading Limited | Solid Ltd (Sanctioned) |
| Citibank | 8/26/2015 | $8,965.00 | Murphy Colman John | Izhevsky Mekhanichesky Zavod (Sanctioned) |
| Citibank | 4/13/2017 | $21,831.40 | Aimee Service | Izhevsky Mekhanichesky Zavod (Sanctioned) |
| Citibank | 2/5/2018 | $15,000.00 | Elko Elektrik Ticaret Vesanayi Trading Llc | Pjsc Power Machines (Sanctioned) |

**ATTACHMENT B.7**

**BNP PARIBAS ("BNP") TARGET TRANSACTIONS**

| Bank | Date | Amount | Sender | Receiver |
|------|------|--------|--------|----------|
| BNP | 3/15/2018 | $9,580.24 | General Electric Company | PJSC Power Machines (Sanctioned) |
| BNP | 3/14/2018 | $19,167.42 | General Electric Company | PJSC Power Machines (Sanctioned) |
| BNP | 7/6/2018 | $19,379.60 | General Electric Company | PJSC Power Machines (Sanctioned) |
| BNP | 7/6/2018 | $9,686.29 | General Electric Company | PJSC Power Machines (Sanctioned) |
| BNP | 10/16/2018 | $15,206.62 | General Electric Company | PJSC Power Machines (Sanctioned) |
| BNP | 10/16/2018 | $9,756.99 | General Electric Company | PJSC Power Machines (Sanctioned) |
| BNP | 1/15/2019 | $8,590.39 | General Electric Company | PJSC Power Machines (Sanctioned) |
| BNP | 1/15/2019 | $6,507.02 | General Electric Company | PJSC Power Machines (Sanctioned) |
| BNP | 4/8/2019 | $10,876.13 | General Electric Company | PJSC Power Machines (Sanctioned) |
| BNP | 7/6/2019 | $9,686.29 | General Electric Company | PJSC Power Machines (Sanctioned) |
| BNP | 10/23/2019 | $8,590.39 | General Electric Company | PJSC Power Machines (Sanctioned) |
| BNP | 1/31/2020 | $5,161.31 | General Electric Company | PJSC Power Machines (Sanctioned) |

**ATTACHMENT B.8**

**WELLS FARGO NA ("WF") TARGET TRANSACTION**

| Bank | Date | Amount | Sender | Receiver |
|------|------|--------|--------|----------|
| WF | 10/21/2019 | $1,501.95 | Google Payment Corp Limited | Roman Lygin (Sanctioned) |

**ATTACHMENT B.9**

**BANK OF AMERICA NA ("BOA") TARGET TRANSACTIONS**

| Bank | Date | Amount | Sender | Receiver |
|------|------|--------|--------|----------|
| BOA | 5/23/2018 | $1,000.00 | Anton Schumilkin | Vladimir Konstantinov (Sanctioned) |
| BOA | 5/19/2021 | $1,000.00 | Atwood Lake Limited Tbc Vg/Tbc | Dmitry Belik (Sanctioned) |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN THE MATTER OF THE SEIZURE OF $37,267.73 HELD AT BANK OF NEW YORK MELLON IN A SUSPENSE ACCOUNT** | |
| **IN THE MATTER OF THE SEIZURE OF $1,000.00 HELD AT TD BANK NATIONAL ASSOCIATION IN A SUSPENSE ACCOUNT** | |
| **IN THE MATTER OF THE SEIZURE OF $20,110.76 HELD AT STATE BANK OF INDIA IN A SUSPENSE ACCOUNT** | |
| **IN THE MATTER OF THE SEIZURE OF $6,719.00 HELD AT DEUTSCHE BANK TRUST COMPANY AMERICAS IN A SUSPENSE ACCOUNT** | |
| **IN THE MATTER OF THE SEIZURE OF $46,616.32 HELD AT JP MORGAN CHASE BANK IN A SUSPENSE ACCOUNT** | **CASE NO. 22-sz-7**<br><br>**FILED UNDER SEAL** |
| **IN THE MATTER OF THE SEIZURE OF $377,130.40 HELD AT CITIBANK IN A SUSPENSE ACCOUNT** | |
| **IN THE MATTER OF THE SEIZURE OF $132,188.69 HELD AT BNP PARIBAS IN A SUSPENSE ACCOUNT** | |
| **IN THE MATTER OF THE SEIZURE OF $1,501.95 HELD AT WELLS FARGO NA IN A SUSPENSE ACCOUNT** | |
| **IN THE MATTER OF THE SEIZURE OF $2,000.00 HELD AT BANK OF AMERICA NA IN A SUSPENSE ACCOUNT** | |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEIZURE WARRANT**

I, Joy Gallante, a Special Agent with Federal Bureau of Investigation ("FBI"), being duly sworn, depose and state as follows:

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"), currently assigned to the FBI Phoenix Field Office. I have been a Special Agent with the FBI since 2002. Since approximately 2002, I have principally been involved in national security investigations. Specifically, I have been involved in investigations involving counterintelligence, export violations, sanctions violations, and illicit finance. I have received training in the laws and regulations relating to the International Emergency Economic Powers Act ("IEEPA"), pursuant to Title 50, United States Code, Sections 1701 through 1707. Additionally, I have received training in, among other things, criminal investigative techniques, and I have participated in investigations involving the violation of IEEPA, including laundering illegal proceeds, by causing funds to be transferred through U.S. banks for the benefit of prohibited entities.

2.      I have been one of the case agents in this investigation.  The information obtained over the course of the investigation has revealed designated entities are violating U.S. laws and regulations by utilizing the U.S. financial network to support their business ventures. During my work on this investigation, I have reviewed reports prepared by agents and discussed this case and other related cases with agents, law enforcement officers, and partners at other U.S. Government agencies who have been involved in these investigations. I submit this affidavit based upon personal knowledge derived from my participation in this investigation, and information that I have received from a variety of other sources, including law enforcement officers and agents, witness interviews, public records, bank records, and documents discussed herein.

2

## I.   **INTRODUCTION**

3.     Every transaction that a U.S. financial institution engages in is subject to U.S. Department of Treasury regulations. If a bank knows or has reason to know that a target is party to a transaction, the bank's processing of the transaction would be unlawful. As such, there is a requirement not to violate the law by doing business with a target or failing to block property. This requires the financial institutions to execute their due diligence by ensuring they do not conclude any transaction prior to completing their analysis to determine whether a transaction is lawful.

4.     This affidavit is made in support of seizure warrants for funds, collectively referred to as "Target Funds," which were blocked by various U.S. financial institutions in accordance with applicable laws and regulations because at least one of the parties to the transaction was sanctioned by the U.S. Department of Treasury, Office of Foreign Assets Control ("OFAC") at the time of the transaction. The following table describes each individual transaction that cumulatively comprise the Target Funds, which are individually described in Attachment A, and were processed by U.S. financial institutions, as described herein and in Attachments B.1-B.9:

| # | Bank | Date | Amount | Sender | Receiver |
|---|------|------|--------|--------|----------|
| 1 | BNYM | 1/15/2016 | $1,000.00 | Cheslav Dovnar | Joint Stock Company Genbank (Sanctioned) |
| 2 | BNYM | 1/19/2016 | $12,064.00 | Zender Enterprises Ltd | Izhevsky Mekhanichesky Zavod (Sanctioned) |
| 3 | BNYM | 12/28/2016 | $13,500.00 | Joint Stock Company Concern Radio-Electronic Technologies (Sanctioned) | Beijing Yin Yun Hai Trade and Technology Company |
| 4 | BNYM | 1/29/2018 | $3,000.00 | Hong Kong Zovo Trading and Development Co Limited | Public Joint Stock Company Power Machines ZTL Electrosila En Ergomachexport (Sanctioned) |
| 5 | BNYM | 1/29/2018 | $1,177.93 | Ste As Transport International Asti | Instar Logistics (Sanctioned) |
| 6 | BNYM | 3/6/2018 | $3,325.80 | Jdwe Ihq/Mod (N) | Zvyozdochka Shiprepairing Center Ojsc (Sanctioned) |
| 7 | BNYM | 7/29/2019 | $2,000.00 | Merman Maritime Co. | Ivanov Sergey (Sanctioned) |
| 8 | BNYM | 11/2/2020 | $1,200.00 | Yulia Mitrovich | Dmitry Rogozin (Sanctioned) |
| 9 | TD BN | 8/8/2014 | $1,000.00 | Pavel Sinyavski | Igor Strelkov (Sanctioned) |
| 10 | SBI | 3/1/2018 | $20,110.76 | Ntpc Ltd. | Pjsc Power Machines (Sanctioned) |
| 11 | DBTC | 12/22/2016 | $1,719.00 | Transpetrochart Ltd (Sanctioned) | Tarhan Shipping Agency and Trading Ltd |
| 12 | DBTC | 12/27/2017 | $5,000.00 | Stitching Nexus Instituut | Alexander Dugin (Sanctioned) |

| 13 | JPMC | 5/27/2014 | $39,600.00 | Cartus Holdings Ltd | Pushkov Alexey Konstantinovich (Sanctioned) |
|----|------|-----------|------------|---------------------|---------------------------------------------|
| 14 | JPMC | 12/22/2016 | $1,274.69 | Transpetrochart Ltd (Sanctioned) | Britconsult Ltd |
| 15 | JPMC | 9/25/2019 | $5,741.63 | Maritime Assistance Llc (Sanctioned) | Deep Blue Sea For Shipping, Trading and Logistics |
| 16 | Citibank | 3/26/2014 | $315,000.00 | National Settlement Depository Cjsc | Bank 'Rossiya' (Sanctioned) |
| 17 | Citibank | 4/11/2018 | $16,334.00 | Sanbay Trading Limited | Solid Ltd (Sanctioned) |
| 18 | Citibank | 8/26/2015 | $8,965.00 | Murphy Colman John | Izhevsky Mekhanichesky Zavod (Sanctioned) |
| 19 | Citibank | 4/13/2017 | $21,831.40 | Aimee Service | Izhevsky Mekhanichesky Zavod (Sanctioned) |
| 20 | Citibank | 2/5/2018 | $15,000.00 | Elko Elektrik Ticaret Vesanayi Trading Llc | Pjsc Power Machines (Sanctioned) |
| 21 | BNP | 3/15/2018 | $9,580.24 | General Electric Company | Pjsc Power Machines (Sanctioned) |
| 22 | BNP | 3/14/2018 | $19,167.42 | General Electric Company | Pjsc Power Machines (Sanctioned) |
| 23 | BNP | 7/6/2018 | $19,379.60 | General Electric Company | Pjsc Power Machines (Sanctioned) |
| 24 | BNP | 7/6/2018 | $9,686.29 | General Electric Company | Pjsc Power Machines (Sanctioned) |
| 25 | BNP | 10/16/2018 | $15,206.62 | General Electric Company | Pjsc Power Machines (Sanctioned) |
| 26 | BNP | 10/16/2018 | $9,756.99 | General Electric Company | Pjsc Power Machines (Sanctioned) |
| 27 | BNP | 1/15/2019 | $8,590.39 | General Electric Company | Pjsc Power Machines (Sanctioned) |
| 28 | BNP | 1/15/2019 | $6,507.02 | General Electric Company | Pjsc Power Machines (Sanctioned) |
| 29 | BNP | 4/8/2019 | $10,876.13 | General Electric Company | Pjsc Power Machines (Sanctioned) |
| 30 | BNP | 7/6/2019 | $9,686.29 | General Electric Company | Pjsc Power Machines (Sanctioned) |
| 31 | BNP | 10/23/2019 | $8,590.39 | General Electric Company | Pjsc Power Machines (Sanctioned) |
| 32 | BNP | 1/31/2020 | $5,161.31 | General Electric Company | Pjsc Power Machines (Sanctioned) |
| 33 | Wells Fargo | 10/21/2019 | $1,501.95 | Google Payment Corp Limited | Roman Lygin (Sanctioned) |
| 34 | BOA | 5/23/2018 | $1,000.00 | Anton Schumilkin | Vladimir Konstantinov (Sanctioned) |
| 35 | BOA | 5/19/2021 | $1,000.00 | Atwood Lake Limited Tbc Vg/Tbc | Dmitry Belik (Sanctioned) |

5.     There is probable cause to believe that the Target Funds are subject to seizure and forfeiture based on violations of the International Emergency Economic Powers Act ("IEEPA") (50 U.S.C. § 1705(a), and 18 U.S.C. § 981(a)(1)(C), which provides for forfeiture of property that "constitutes" "proceeds traceable" to an offense constituting a specified unlawful activity (as defined in 18 U.S.C. § 1956(c)(7)(D), here, the violation of IEEPA.

## II.  **STATUTES**

### A.  **IEEPA**

6.     This civil forfeiture action relates to violations of regulations and executive orders issued pursuant to International Emergency Economic Powers Act ("IEEPA") (50 U.S.C. § 1701

*et seq.*).  Enacted in 1977, IEEPA gives the President certain powers, defined in 50 U.S.C. § 1702, to deal with any threats with respect to which the President has declared a national emergency, and prescribes criminal penalties for violations.  Section 1705 provides, in part, that "[i]t shall be unlawful for a person to violate, attempt to violate, conspire to violate, or cause a violation of any license, order, regulation, or prohibition issued under this chapter."  50 U.S.C. § 1705(a).

7.      Pursuant to his authority under IEEPA and the National Emergencies Act (50 U.S.C. §§ 1601 et seq.) (NEA), on March 6, 2014, the President issued Executive Order (E.O.) 13660, declaring a national emergency to deal with the threat posed by the actions and policies of certain persons who had undermined democratic processes and institutions in Ukraine; threatened the peace, security, stability, sovereignty, and territorial integrity of Ukraine; and contributed to the misappropriation of Ukraine's assets. In further response to the actions and polices of the Government of the Russian Federation, including the purported annexation of the Crimea region of Ukraine, the President issued three subsequent Executive orders that expanded the scope of the national emergency declared in E.O. 13660.

    a.   Pursuant to his authority under IEEPA and the NEA, on March 16, 2014, the President issued E.O. 13661 to expand the scope of the national emergency declared in E.O. 13660 of March 6, 2014.

    b.   Pursuant to his authority under IEEPA and the NEA, on March 20, 2014, the President issued E.O. 13662 to further expand the scope of the national emergency declared in Executive Order 13660 of March 6, 2014, and expanded by Executive Order 13661 of March 16, 2014.

    c.   Pursuant to his authority under IEEPA and the NEA, on December 19, 2014, the President issued E.O. 13685 to take additional steps to address the Russian

occupation of the Crimea region of Ukraine. E.O. 13685 prohibits the exportation or importation of any goods, services, or technology to or from the Crimea region of Ukraine, and prohibits new investment in the Crimea region of Ukraine by a U.S. person, wherever located.

8.     Together, these orders (hereinafter "the Russia/Crimea sanctions") authorize, among other things, the imposition of sanctions against persons responsible for or complicit in certain activities with respect to Ukraine; against officials of the Government of the Russian Federation; against persons operating in the arms or related materiel sector of the Russian Federation; and against individuals and entities operating in the Crimea region of Ukraine.

9.     On May 8, 2014, OFAC issued a set of regulations to implement the Russia/Crimea Sanctions (79 Fed. Reg. 26365, May 8, 2014). See 31 C.F.R. part 589, Ukraine-Related Sanctions Regulations (the "Regulations") for details.

10.     On July 16, 2014, the Secretary of the Treasury, after consultation with the Secretary of State, issued a determination that section 1(a)(i) of E.O. 13662 shall apply to the financial services and energy sectors of the Russian Federation economy.

11.     On September 12, 2014, the Secretary of the Treasury, after consultation with the Secretary of State, issued a determination that section 1(a)(i) of E.O. 13662 shall also apply to the defense and related materiel sector of the Russian Federation economy.

12.     The Russia/Crimea sanctions also block the property and interests in property of individuals and entities listed in the Annex to E.O. 13661 or of those determined by the Secretary of the Treasury, after consultation with the Secretary of State, to meet the criteria in E.O. 13660, E.O. 13661, E.O. 13662, or E.O. 13685, including those determined:

a. To be responsible for or complicit in, or to have engaged in, directly or indirectly, any of the following:

    i. Actions or policies that undermine democratic processes or institutions in Ukraine;

    ii. Actions or policies that threaten the peace, security, stability, sovereignty, or territorial integrity of Ukraine; or

    iii. Misappropriation of state assets of Ukraine or of an economically significant entity in Ukraine;

b. To have asserted governmental authority over any part or region of Ukraine without the authorization of the Government of Ukraine;

c. To be a leader of an entity that has, or whose members have, engaged in any activity described in E.O 13660 or of an entity whose property and interests in property are blocked pursuant to E.O. 13660;

d. To be an official of the Government of the Russian Federation;

e. To operate in the arms or related materiel sector in the Russian Federation;

f. To operate in such sectors of the Russian Federation economy as may be determined by the Secretary of Treasury, in consultation with the Secretary of State;

g. To operate in the Crimea region of Ukraine;

h. To be a leader of an entity operating in the Crimea region of Ukraine;

i. To be owned or controlled by, or to have acted or purported to act for or on behalf of, directly or indirectly a senior official of the Government of the Russian Federation; or a person whose property and interests in property are blocked pursuant to E.O. 13660, E.O. 13661, E.O. 13662, or E.O. 13685; or

j.   To have materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services to or in support of a senior official of the Government of the Russian Federation; activity described in subsections a(i) or a(ii) of E.O. 13660; or a person whose property and interests in property are blocked pursuant to E.O. 13660, E.O. 13661, E.O. 13662, or E.O. 13685.

13.   Blocking sanctions against individuals and entities designated pursuant to the Russia/Crime sanctions result in the individuals and entities being listed on the Department of Treasury's List of Specially Designated Nationals and Blocked Persons ("SDN List"). Unless otherwise authorized or exempt, transactions by U.S. persons (including U.S. financial institutions) or in the United States are prohibited if they involve transferring, paying, exporting, withdrawing, or otherwise dealing in the property or interests in property of an entity or individual listed on the SDN List because of the Russia/Crimea sanctions. The property and interests in property of an entity that is 50 percent or more owned, whether individually or in the aggregate, directly or indirectly, by one or more persons whose property and interests in property are blocked pursuant to any part of 31 C.F.R. chapter V are also blocked, regardless of whether the entity itself is listed.

14.   An individual or entity may obtain a license from OFAC to transact with an individual or entity on the SDN List. OFAC's licensing authority is located in Washington, D.C.

15.   The failure to obtain a license prior to transacting with an SDN is a violation of IEEPA, 50 U.S.C. § 1705(a).

**B.   Correspondent Banking and the Bank Secrecy Act**

16.   Foreign financial institutions maintain U.S. dollar bank accounts ("correspondent accounts") at banks in the United States ("correspondent banks"). Correspondent accounts are broadly defined to include any account established for a foreign financial institution to receive

deposits from, or to make payments or disbursements on behalf of, the foreign financial institution, or to handle other financial transactions, such as currency conversions, related to such foreign financial institution. *See* 31 C.F.R. § 1010.605. Correspondent banks serve to support international wire transfers for foreign customers in a currency that the foreign customer's overseas financial institution normally does not hold on reserve, such as U.S. dollars, and to conduct currency conversions to/from U.S. dollars. It is through these correspondent accounts that the funds used in U.S. dollar transactions clear and/or are converted into other currencies.

17.     According to the U.S. Department of the Treasury, the global financial system relies on correspondent banking relationships. Nearly all U.S. dollar wire transactions conducted by foreign financial institutions are processed through correspondent bank accounts held in the United States. Foreign financial institutions include not only banks, but also dealers of foreign exchange and money transmitters. *See* 31 C.F.R. § 1010.605(f).

18.     The Bank Secrecy Act requires U.S. financial institutions to take anti-money laundering measures to ensure that correspondent bank accounts established by foreign financial institutions are not used to avoid sanctions programs administered by OFAC. Pursuant to these programs, U.S. financial institutions block correspondent banking transactions where an SDN is listed as the sender of the transaction, unless an OFAC license is provided for the transaction.

**C.     Forfeiture Statutes**

19.     This application seeks a seizure warrant under both civil and criminal authorities, because the Target Funds could easily be placed beyond process if not seized by a warrant.  The Target Funds are electronic funds, which are easily transferred.  The Target Funds are currently held in accounts frozen at banks, pending a seizure warrant.

20.     Pursuant to 18 U.S.C. § 981(b), property subject to forfeiture under § 981 may be seized via a civil seizure warrant issued by a judicial officer "in any district in which a forfeiture

action against the property may be filed," if there is probable cause to believe the property is subject to forfeiture.  Section 982(b)(1) incorporates the procedures in 21 U.S.C. § 853 [other than subsection (d)] for all stages of a criminal forfeiture proceeding. Section 853(f) permits the government to request the issuance of a seizure warrant for property subject to criminal forfeiture. Thus, seizure warrants may be obtained outside of the district where the property to be seized is located.

21.     Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of IEEPA, is subject to criminal and civil forfeiture.

22.     Pursuant to 18 U.S.C. § 1956(c)(7)(D), specified unlawful activities include violations of IEEPA (50 U.S.C. § 1701 *et seq.*).

III.     **PROBABLE CAUSE**

A.     **Relevant Sanctions**

23.     As described in Attachment A, each of the transactions that comprise the Target Funds originated from or was sent to an individual or entity that had been designated as an SDN by OFAC on the date of or during the processing of the transaction.

B.      **The Target Funds**

24.     Law enforcement obtained bank records from the U.S. financial institutions that processed each of the transactions that comprise the Target Funds. Each of the transactions is documented in these bank records, as described in Attachment A. According to these records, each of Target Funds transactions were processed in the United States by a U.S. person, *i.e.*, the financial institutions, within the meaning of OFAC's regulations.

25.     According to OFAC, none of the parties to the transactions described in attachment A obtained a license for the transactions, despite that a license was required.

26.     Thus, there is probable cause to believe that each of the transactions described in Attachment A (*i.e.*, the Target Funds) is a violation of IEEPA, in that it was an unlicensed transaction for the benefit of an SDN or in which the SDN had an interest, which was processed by a U.S. financial institution and occurred in the United States.  Further there is probable cause to seize the Target Funds under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) for the purposes of forfeiture, as they are property, real or personal, which constitutes or is derived from proceeds traceable to a violation of IEEPA.

## IV.   <u>CONCLUSION</u>

27.     Based on the information contained herein and my training and experience, I submit that the Target Funds are subject to seizure and forfeiture, pursuant to the above referenced statutes.  Based on the forgoing, I request that the Court issue the proposed seizure warrant to each of the U.S. financial intuitions listed in Attachments B.1-B.9.  Because the warrant will be served on the banks that currently hold the funds, and thereafter, at a time convenient to it, will transfer the funds to the U.S. Government, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

## <u>REQUEST TO SUBMIT WARRANT BY TELEPHONE</u><br><u>OR OTHER RELIABLE ELECTRONIC MEANS</u>

28.     I respectfully request, pursuant to Rules 4.1 and 41(d)(3) of the Federal Rules of Criminal Procedure, permission to communicate information to the Court by telephone in connection with this Application for a Seizure Warrant. I submit that Assistant U.S. Attorney Karen P. Seifert, an attorney for the United States, is capable of identifying my voice and telephone number for the Court.

Respectfully submitted,

Joy Gallante, Special Agent
Federal Bureau of Investigation

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on March 31, 2022.

_____
HONORABLE ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLUMBIA